**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

Paulette Marie Pelletier,

Debtors.

Case No. 25-40562
Chapter 13

## NOTICE OF HEARING AND MOTION

TO: THE DEBTOR(S) AND OTHER ENTITIES SPECIFIED IN LOCAL RULE 9013-3:

1. Paulette Marie Pelletier moves the Court for the relief requested below and gives notice of hearing.

2. The Court will hold a hearing on this motion at 11:00 a.m. on Thursday, August 20, 2026, in Courtroom 8 West, at the Diana E. Murphy United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415.

3. Any response to this motion must be filed and served not later than Thursday, August 13, 2026 which is seven days before the time set for the hearing (including Saturdays, Sundays and holidays). UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4. The Court has jurisdiction over this motion pursuant to 28 USC §§ 157 and 1334, FRBP 5005 and Local Rule 1070-1. This proceeding is a core proceeding. The petition commencing this Chapter 13 case was filed on February 27, 2025. The case is now pending in this court.

5. This motion arises under 11 USC § 1329 and FRBP 9029. This motion is filed under FRBP 9014 and Local Rules 9013, 9006, 5005, and 9017. The debtor requests relief with

respect to a post-confirmation modified plan that will allow for surrender of a 2011 Ford Taurus to the secured claim holder. The other provisions of debtor's plan remain the same in the modified plan.

WHEREFORE, the debtor moves the Court for an Order to confirm the plan, as modified, and such other relief as may be just and equitable.

Dated: June 30, 2026

KAIN + HENEHAN

s/ WILLIAM P. KAIN - #143005
Attorney for Debtor(s)
808 West St. Germain Street
PO Box 1537
St. Cloud MN 56302
(612) 438-8006
bill@kainhenehan.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

In re:

Case No. 25-40562
Chapter 13

Paulette Marie Pelletier,

Debtor.

---

# MEMORANDUM IN SUPPORT OF DEBTORS MOTION FOR POST-CONFIRMATION MODIFICATION

---

## FACTS

This Chapter 13 bankruptcy case was filed on February 27, 2025 and confirmed on February 18, 2026. Subsequent to confirmation, debtor's 2011 Ford Taurus, which is subject to a secured claim held by Westlake Financial, developed mechanical problems. The cost of repairing the Taurus is prohibitive considering debtor's current income and the availability of another vehicle for debtor's use. Debtor proposes to surrender the vehicle and ask the court to lift the automatic stay to allow the secured claimholder to repossess the Taurus. Westlake would be allowed an unsecured claim for any deficiency following surrender.

The other provisions of the debtor's confirmed plan would remain the same.

## ARGUMENT

11 USC §1329(a) permits a debtor to, on motion, at any time after confirmation of a plan and before all plan payments have been made to seek an increase or reduction in the amount of payments on claims of a particular class provided for by the plan, or to extend or reduce the time for such payments.

The debtor respectfully requests the Court's order modifying her plan to surrender her 2011 Ford Taurus.

For these reasons, the debtor respectfully requests the Court to confirm the modified plan, as submitted.

Dated: June 30, 2026

KAIN + HENEHAN

s/ WILLIAM P. KAIN - #143005
Attorney for Debtor(s)
808 West St. Germain Street
PO Box 1537
St. Cloud MN 56302
(612) 438-8006
bill@kainhenehan.com

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | Paulette | Marie | Pelletier |
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse, if filing) | | | |
| | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | District of Minnesota | | |
| Case number (if known) | 25-40562 | | |

❑ Check if this is an amended filing

Official Form 106Dec

# Declaration About an Individual Debtor's Schedules

**12/15**

**If two married people are filing together, both are equally responsible for supplying correct information.**

**You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Sign Below

**Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?**

☑ No

❑ Yes. Name of person ____________________. Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature (Official Form 119).*

**Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.**

✗ **s/ Paulette Marie Pelletier**
Paulette Marie Pelletier, Debtor 1

Date **07/02/2026**
MM/ DD/ YYYY

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE:<br>PAULETTE MARIE PELLETIER | CASE NO: 25-40562<br>**DECLARATION OF MAILING CERTIFICATE OF SERVICE**<br>Chapter: 13 |

On 7/1/2026, I did cause a copy of the following documents, described below,

Notice of Hearing and Motion, Memorandum, and Modified Chapter 13 Plan

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 7/1/2026

/s/ Bill Kain
Bill Kain 143005

Kain + Henehan
808 W St Germain St
St. Cloud, MN 55301
612-438-8006
bill@kainhenehan.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

IN RE:

PAULETTE MARIE PELLETIER

CASE NO: 25-40562

**CERTIFICATE OF SERVICE**
**DECLARATION OF MAILING**

Chapter: 13

On 7/1/2026, a copy of the following documents, described below,

Notice of Hearing and Motion, Memorandum, and Modified Chapter 13 Plan

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 7/1/2026

Victoria Blake
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Bill Kain
Kain + Henehan
808 W St Germain St
St. Cloud, MN 55301

**(The following pages contain parties served via First Class USPS Mail Service unless stated otherwise.)**

CASE INFO

LABEL MATRIX FOR LOCAL NOTICING
NCRS ADDRESS DOWNLOAD
CASE 25-40562
DISTRICT OF MINNESOTA
TUE JUN 30 13-8-33 PST 2026

EXCLUDE

MINNEAPOLIS
301 DIANA E MURPHY US COURTHOUSE
300 SOUTH FOURTH STREET
MINNEAPOLIS MN 55415-1320

ALLINA HEALTH
PO BOX 77008
MINNEAPOLIS MN 55480-7708

ALLY BANK CO AIS PORTFOLIO SERVICES LLC
4515 N SANTA FE AVE DEPT APS
OKLAHOMA CITY OK 73118-7901

ALLY FINANCIAL INC
ATTN BANKRUPTCY
500 WOODARD AVE
DETROIT MI 48226-3416

ASSET RECOVERY SOLUTIONS LLC
2200 E DEVON AVE SUITE 200
DES PLAINES IL 60018-4501

AVANTWEBBANK
222 NORTH LASALLE STREET SUITE 1600
CHICAGO IL 60601-1112

CITIBANK NA
CITIBANK NA
5800 S CORPORATE PL
SIOUX FALLS SD 57108-5027

(P)CONSTAR FINANCIAL SERVICES LLC
10400 N 25TH AVENUE SUITE 100
PHOENIX AZ 85021-1610

CREDIT ONE BANK
ATTN BANKRUPTCY DEPARTMENT
PO BOX 98873
LAS VEGAS NV 89193-8873

(P)FIRST SAVINGS BANK
ATTN BANKRUPTCY
1500 S HIGHLINE AVE
SIOUX FALLS SD 57110-1003

FST PREMIER
ATTN BANKRUPTCY
601 S MINNESOTA AVE
SIOUX FALLS SD 57104-4824

INTERNAL REVENUE SERVICE
GENERAL INSOLVENCY
PO BOX 7346
PHILADELPHIA PA 19101-7346

(P)JEFFERSON CAPITAL SYSTEMS LLC
PO BOX 7999
SAINT CLOUD MN 56302-7999

EXCLUDE

(D)(P)JEFFERSON CAPITAL SYSTEMS LLC
PO BOX 7999
SAINT CLOUD MN 56302-7999

LVNV FUNDING LLC CO
RESURGENT CAPITAL SERVICES
PO BOX 10587
GREENVILLE SC 29603-0587

LVNV FUNDING LLC
RESURGENT CAPITAL SERVICES
PO BOX 10587
GREENVILLE SC 29603-0587

LVNV FUNDINGRESURGENT CAPITAL
ATTN BANKRUPTCY
PO BOX 10487
GREENVILLE SC 29603

(P)FAIRVIEW HEALTH SERVICES
1700 UNIVERSITY AVE W
6TH FLOOR
SAINT PAUL MN 55104-3727

MN REVENUE
BANKRUPTCY SECTION
PO BOX 64447
SAINT PAUL MN 55164-0447

(P)DSNB MACY S
CITIBANK
1000 TECHNOLOGY DRIVE MS 777
O FALLON MO 63368-2239

MESSERLI KRAMER PA
3033 CAMPUS DRIVE STE 250
PLYMOUTH MN 55441-2685

MIDWEST RADIOLOGY
PO BOX 812
INDIANAPOLIS IN 46206-0812

MINNESOTA REVENUE
PO BOX 64447 BKY
ST PAUL MN 55164-0447

QUANTUM3 GROUP LLC AS AGENT FOR
DENALI CAPITAL
PO BOX 788
KIRKLAND WA 98083-0788

QUANTUM3 GROUP LLC AS AGENT FOR
VELOCITY INVESTMENTS LLC
PO BOX 788
KIRKLAND WA 98083-0788

RELIANCE RECOVERY
6160 SUMMIT DRIVE 420
MINNEAPOLIS MN 55430-2149

RESURGENT CAPITAL SERVICES
ATTN BANKRUPTCY
PO BOX 10497
GREENVILLE SC 29603-0497

SCOLOPAX LLC
CO WEINSTEIN RILEY PS
749 GATEWAY SUITE G-601
ABILENE TX 79602-1196

(P)SPIRE RECOVERY SOLUTIONS LLC
57 CANAL STREET
SUITE 302
LOCKPORT NY 14094-2845

US TRUSTEE
1015 US COURTHOUSE
300 S 4TH ST
MINNEAPOLIS MN 55415-3070

UPSTART FINANCE
ATTN BANKRUPTCY
PO BOX 1503
SAN CARLOS CA 94070-7503

(P)VELOCITY PORTFOLIO GROUP INC
1800 RT 34 NORTH
BLDG 3 SUITE 305
WALL NJ 07719-9146

WELLS FARGO BANK NA
PO BOX 51174
LOS ANGELES CA 90051-5474

WESTLAKE CO PERITUS PORTFOLIO SERVICES II
PO BOX 1149
GRAPEVINE TX 76099-1149

WESTLAKE PORTFOLIO MANAGEMENT LLC
ATTN BANKRUPTCY
PO BOX 76809
LOS ANGELES CA 90076-0809

GREGORY A BURRELL
100 SOUTH FIFTH STREET
SUITE 480
MINNEAPOLIS MN 55402-1250

DEBTOR
PAULETTE MARIE PELLETIER
2226 STATE AVENUE
ANOKA MN 55303-6703

WILLIAM P KAIN
KAIN HENEHAN LLC
808 WEST ST GERMAIN STREET
PO BOX 1537
SAINT CLOUD MN 56302-1537

LOCAL FORM 3015-1
REVISED 09/2025

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re: Pelletier, Paulette Marie

Case No. 25-40562
CHAPTER 13 PLAN ☑ Modified

Debtor.
*In a joint case, "debtor" means "debtors" in this plan.*

Dated 06/30/2026

**Part 1. NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE: The debtor must check the appropriate boxes below to indicate whether the plan does or does not include each of the following items:**

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 6 or 14 | ☐ Included | ☑ Not Included |
| 1.2 | Avoidance of a security interest or lien, set out in Part 14 | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 15 | ☑ Included | ☐ Not Included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE: The initial plan payment is due not later than 30 days after the order for relief, unless the court orders otherwise.**

2.1 As of the date of this plan, the debtor has paid the trustee **$3,200.00;** (including balance on hand of **$2,181.91**)

2.2 After the date of this plan, the debtor will pay the trustee: **$16,720.00** .

| Plan payment | Start MM/YYYY | End MM/YYYY | # of payments | Total |
|---|---|---|---|---|
| $200.00 | 17 (07/2026) | 24 (02/2027) | 8 | $1,600.00 |
| $420.00 | 25 (03/2027) | 60 (02/2030) | 36 | $15,120.00 |
| | | | PART 2.2 SUBTOTAL: | **$16,720.00** |

2.3 The minimum plan length is ☑ 36 months or ☐ 60 months from the date of the initial plan payment unless all allowed unsecured claims are paid in a shorter time.

2.4 The debtor will also pay the trustee ____________________.

2.5 The debtor will pay the trustee a total of **$19,920.00** [lines 2.1 + 2.2 + 2.4].

2.6 If the debtor is required to file a tax return under applicable nonbankruptcy law, the debtor will file with appropriate tax authorities all returns and provide the trustee a copy of each filed return within 14 days of filing. The debtor will treat tax refunds as follows: **If the debtor receives a refund from the federal taxing agency, but owes the state taxing agency (or vice-versa), the debtor will net out the two and pay the trustee the amount over $1,200 for a siingle filer, or $2,000 for a joint filer (not counting any Earned Income Credit or Working Family Credit) as an additional plan payment.**
.

**Part 3. PAYMENTS BY TRUSTEE AND TRUSTEE'S FEES:** Prior to confirmation of the plan, the trustee will pay from available funds payments designated as Adequate Protection ("Adq. Pro.") under Parts 6 and 7 to creditors with claims secured by personal property. All other funds will be disbursed by the trustee following confirmation of the plan as soon as is practicable. The trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee is not required to retain funds for any claim for which a proof of claim has not been timely filed and may disburse those funds to other claimants. The trustee may collect a fee of up to 10% of plan payments, or **$1,992.00** [line 2.5 x 0.10]. If relief from the automatic stay is ordered as to any item of collateral listed in the plan, then, unless otherwise ordered by the court, all payments by the trustee as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

**Part 4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES (§ 365):** The debtor assumes the following executory contracts or unexpired leases. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 5.

| | Creditor | Description of property |
|---|---|---|
| **None** | | |

**Part 5. MAINTENANCE OF PAYMENTS AND CURE OF DEFAULT, IF ANY (§ 1322(b)(5)):** The debtor will maintain the current contractual installment payments on the claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be paid directly by the debtor unless otherwise specified below. The trustee will pay the arrearage amount listed in the proof of claim at the interest rate specified below, unless otherwise ordered by the court. The creditors will retain liens. All following entries are estimates, except for interest rate.

| | Creditor | Description of property | Arrears amount (if any) | Interest rate on arrears (if any) | Beginning in MM/YY | Monthly payment | # of payments | Remaining arrears payments | *+ amount paid to date by trustee (mod. plan only)* | Total trustee arrears payments |
|---|---|---|---|---|---|---|---|---|---|---|
| **None** | | | | | | | | | | |
| | | | | | | | | | TOTAL: | **$0.00** |

**Part 6. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5)):** The trustee will pay the amount set forth in the "Total payments" column below on the following secured claims if a proof of claim is filed and allowed. Notwithstanding a creditor's proof of claim filed before or after confirmation, if the plan has been served upon each of the affected creditors identified below in the manner provided for by Fed. R. Bankr. P. 7004, the amount listed in the secured claim amount column binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim, unless otherwise ordered by the court. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with Fed. R. Bankr. P. 3012(c) controls over any contrary amount. Unless otherwise specified in Part 15, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i). Any allowed unsecured portion of the claim will be paid under Part 10, Part 11, or Part 12.

| | Creditor | Est. claim amount | Secured claim amount | Int. rate | Adq. Pro. (Check) | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **None** | | | | | | | | | | | |
| | | | | | | | | | | TOTAL: | **$0.00** |

**Part 7. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value):** The trustee will pay the amount of the allowed secured claim listed in the proof of claim, unless otherwise ordered by the court, at the interest rate set forth below. Any allowed unsecured portion of the claim will be paid under Part 10, Part 11, or Part 12. **All following entries are estimates, except for interest rate.** Unless otherwise specified in Part 15, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i).

| | Creditor | Est. secured claim amount | Int. rate | Adq. Pro. (Check) | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|
| **None** | | | | | | | | | | |
| | | | | | | | | | TOTAL: | **$0.00** |

**Part 8. PRIORITY CLAIMS UNDER § 507(a)(2) THROUGH (a)(10):** The trustee will pay the amount of the allowed priority claim listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates.**

LOCAL FORM 3015-1
REVISED 09/2025

| | Creditor | Claim amount | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|
| 8.1 | Kain + Henehan LLC | $1,500.00 | 07/26 | $150.00 | 10 | $1,500.00 | $0.00 | $1,500.00 |
| 8.2 | Internal Revenue Service | $7,568.26 | | Pro-Rata | | $7,189.65 | $378.61 | $7,568.26 |
| 8.3 | MN Revenue | $1,517.14 | | Pro-Rata | | $1,49159 | $78.55 | $1,517.14 |
| | | | | | | | TOTAL: | **$10,181.24** |

**Part 9. DOMESTIC SUPPORT OBLIGATION CLAIMS UNDER § 507(a)(1):** The trustee will pay the amount of the allowed priority claim listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates.**

| | Creditor | Claim amount | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|
| | | | | **None** | | | | |
| | | | | | | | TOTAL: | **$0.00** |

**Part 10. SEPARATE CLASSES OF UNSECURED CLAIMS:** In addition to the classes of unsecured claims specified in Part 11 and Part 12, there shall be separate classes of nonpriority unsecured claims including the following. The trustee will pay the nonpriority amount. listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates, except for interest rate.**

| | Creditor | Unsecured claim amount | Interest rate (if any) | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | **None** | | | | |
| | | | | | | | | TOTAL: | **$0.00** |

**Part 11. TIMELY FILED UNSECURED CLAIMS:** The trustee will pay holders of allowed nonpriority unsecured claims for which proofs of claim were timely filed the remaining funds received by the trustee and not paid under Parts 3, 5, 6, 7, 8, 9, and 10 on a pro rata basis.
**All following entries are estimates.**

| | |
|---|---|
| Estimated nonpriority unsecured claims held by creditors listed in Parts 6, 7, and 14 | $0.00 |
| + Total estimated nonpriority and not separately classified unsecured claims (excludes Parts 6, 7, 10, and 14 unsecured claims) | $92,835.00 |
| = Total estimated nonpriority and not separately classified unsecured claims (excludes Part 10 claims) | $92,835.00 |
| Projected percentage payment to unsecured claims (excludes Part 10 claims) | 8.34% |

| | |
|---|---|
| Estimated remaining payments | $7,746.76 |
| *+ amount paid to date by trustee (mod. plan only)* | $0.00 |
| = TOTAL estimated payments | $7,746.76 |

**Part 12. TARDILY-FILED UNSECURED CLAIMS:** All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 5, 6, 7, 8, 9, 10, and 11, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed. Tardily-filed claims remain subject to objection pursuant to 11 U.S.C. § 502(b)(9).

LOCAL FORM 3015-1
REVISED 09/2025

**Part 13. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays under 11 U.S.C §§ 362(a) and 1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

| | Creditor | Description of property *(including the complete legal description of real property)* |
|---|---|---|
| 13.1 | Westlake Portfolio Management, LLC | 2011 Ford Taurus |

**Part 14. LIEN AVOIDANCE:** The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). If the plan has been properly served upon each of the affected creditors identified below in the manner provided for by Fed. R. Bankr. P. 7004, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan, unless otherwise ordered by the court. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 11 or Part 12, to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the Part 6 or Part 7. *See* 11 U.S.C. § 522(f) and Fed. R. Bankr. P. 3012(b) and 4003(d). *Insert additional tables for each lien.*

| **Information regarding judicial lien or security interest** | | **Calculation of lien avoidance** | | **Extent of exemption impairment (check one)** |
|---|---|---|---|---|
| Creditor: | | a. Amount of lien | | ❑ Line f is equal to or greater than line a. The entire lien is avoided. The amount of the unsecured claim is (line a): ____________. |
| Collateral: | | b. Amount of all other liens | | |
| Lien identification (such as judgment date, date of lien recording, book and page number) | | c. Value of claimed exemptions | | ❑ Line f is less than line a. A portion of the lien is avoided. The amount of secured claim after avoidance (line a minus line f): ____________. The amount of the unsecured claim is (line f): ____________. |
| | | d. Total of adding lines a, b, and c | | |
| | | e. Value of debtor's interest | | |
| | | f. Subtract line e from line d. | | |

**Part 15. NONSTANDARD PROVISIONS:** The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in Fed. R. Bankr. P. 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void.

15.1 **Part 16 Language**

A proof of claim may be filed by the Internal Revenue Service (IRS) for a claim against the debtor(s) for taxes that become payable to the IRS post-petition, limited to only the tax year for which the bankruptcy case was filed. The trustee shall pay such claim as submitted as funds are available pursuant to 11 U.S.C. Statute 1305.

APPROVAL NOT REQUIRED TO INCUR POST PETITION DEBT. Approval by the bankruptcy court, or Chapter 13 trustee, shall not be required prior to debtor incurring ordinary consumer debt while this case is pending. Letters of approval will not be provided by the Chapter 13 trustee and one is not needed for debtor to incur post-petition ordinary consumer debt in Minnesota. All parties in interest retain all rights regarding the treatment of this debt in future modified plans and motions to confirm such plans.

For any claim arising from the granting of relief from the automatic stay, surrender, foreclosure, repossession, or return of any collateral to any creditor listed in Parts 5, 6, 7, 8, 9, 10, 16 or Non-standard provisions, for any reason, including plan modification, the trustee shall pay such claim as a general unsecured claim upon amendment of the applicable claim. Any alleged balance of any claim to such creditor shall be discharged.

**SUMMARY OF TOTAL ESTIMATED PAYMENTS:**

| Class of payment | Total payments |
|---|---|
| Payments by trustee [Part 3] | $1,992.00 |

LOCAL FORM 3015-1
REVISED 09/2025

| Class of payment | Total payments |
|---|---|
| Maintenance of payments and cure of default, if any [Part 5] | $0.00 |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 6] | $0.00 |
| Secured claims excluded from § 506 [Part 7] | $0.00 |
| Priority claims [Part 8] | $10,181.24 |
| Domestic support obligation claims [Part 9] | $0.00 |
| Separate classes of unsecured claims [Part 10] | $0.00 |
| Timely filed unsecured claims [Part 11] | $7,746.76 |
| TOTAL (must equal line 2.5) | $19,920.00 |

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard provision except as placed in Part 15.

Signed: **s/ William Kain**
William Kain
Attorney for debtor
Bar Number: 143005
Kain + Henehan LLC
808 West St Germain St
Saint Cloud, MN 56301
Phone: (612) 438-8006
Email: Bill@kainhenehan.com

Signed: **s/ Paulette Marie Pelletier**
Paulette Marie Pelletier
Debtor 1

Signed: ______________________
Debtor 2 (if joint case)